IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MELANI TRADEWELL
5379 County Road G
Winneconne, WI 54986

      Plaintiff,

v.

CIVIL ACTION NO.

BORDER PATROL WICONSIN, INC.
147 South Butler Street
Suite 2
Madison, WI 53703

      Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Melani Tradewell, by and through her attorneys, McDonald & Kloth, LLC, and as and for her cause of action against the Defendant, Border Patrol Wisconsin, Inc., ("Border Patrol" or "Defendant") alleges and shows to the court as follows:

### NATURE OF THE ACTION

Melani Tradewell ("Tradewell") brings this action against Border Patrol Wisconsin, Inc., ("Border Patrol" or "Defendant") alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 *et seq*. Border Patrol is a covered employer and Tradewell was an eligible employee under the FMLA at all times relevant to this complaint. Border Patrol interfered with and retaliated against Tradewell's exercise of her FMLA rights when Border Patrol terminated Tradewell while on leave for treatment of her serious medical conditions, pursuant to the FMLA. Tradewell seeks a permanent injunction against Border Patrol, reinstatement, lost wages, employment benefits, and other compensation, liquidated damages, costs, attorney's fees, and any other such relief the Court may deem appropriate.

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants have substantial and systematic contacts in this district.

## PARTIES

3. The Plaintiff, Melani Tradewell ("Tradewell"), is an adult resident of the State of Wisconsin with a residence located at 5379 County Road G, Winneconne, WI 54986.

4. The Defendant, Border Patrol Wisconsin, Inc. is a domestic corporation, incorporated in the State of Wisconsin, with its principal place of business located at 147 South Butler Street, Suite 2, Madison, WI 53703. The registered agent for service of process for Border Patrol Wisconsin, Inc. is Richard A. Lepping, 147 South Butler Street, Suite 2, Madison, WI 53703. Upon information and belief, Border Patrol Wisconsin, Inc., owns several Taco Bell restaurants within the State of Wisconsin.

## STATEMENT OF FACTS & CLAIMS

5. Tradewell began her employment at Border Patrol, at one of its Taco Bell restaurants on or about May 9, 2009, as a Shift Manager.

6. During her employment, Tradewell performed her job in a satisfactory manner as evidenced by the fact that she never received a reprimand or disciplinary action, and earned two merit based raises during her employment.

7. In or about December 2010, Tradewell informed Nick Wilson ("Wilson"), Manager, about her need for medical leave. At that time, Tradewell was experiencing a serious health condition related to her cervix and uterus. Despite experiencing significant

2

bleeding and pain, Tradewell continued to work full-time because the restaurant was short staffed. However, on at least a monthly basis, Tradewell continued to remind Wilson that she would need to take medical leave as soon as he had enough employees to cover the restaurant.

8. In or about May 2011, Tradewell informed Wilson that she needed FMLA leave because she was going to have surgery on her uterus and cervix. Tradewell also informed Wilson that she would be out at least six weeks and that her surgery was scheduled for July 8, 2011.

9. In or about May 2011, Tradewell asked Wilson for FMLA paperwork for her physician to complete. Wilson, however, did not provide any sort of substantive response to Tradewell's FMLA request. After asking for FMLA paperwork several times, Wilson finally instructed Tradewell to contact the main office about her FMLA leave.

10. In or about June 2011, Tradewell contacted the main office and spoke to a human resources representative. When Tradewell asked for FMLA paperwork, the H.R. Representative told her that the company did not have any FMLA paperwork. Rather, the H.R. Representative informed Tradewell that all she had to do was bring in a doctor's note as to her expected return to work date and to keep the company updated of any changes.

11. Tradewell continued to work until July 7, 2011. On July 7, 2011, when Tradewell was leaving work, Wilson and Pam Hershel, District Manager, were at the store and wished her good luck with her surgery.

12. On July 8, 2011, Tradewell had her surgery and she was released from the hospital on July 9, 2011.

13. On or about July 9, 2011, the day after her surgery, Tradewell brought in the doctor's note into the restaurant as instructed. The note indicated that Tradewell's FMLA leave

3

was due to a hysterectomy and that she had physical restrictions (no bending, lifting, standing or operating machinery) until August 19, 2011. In response, no one at Border patrol provided Tradewell with any documentation indicating that her FMLA leave was approved or denied.

14. On July 11, 2011, Tradewell was treated at the emergency room because of extreme lower back pain. While at the hospital, an MRI was performed, which detected fluid around Tradewell's kidneys. As a result, Tradewell was forced to undergo another surgery. During that surgery, the surgeon discovered a tear in the tube that connects the kidney to the bladder. Following her surgery, Tradewell was released from the hospital with a catheter and stint.

15. Shortly after her second surgery, Tradewell went to the restaurant and informed Christie Harper ("Harper"), Assistant Manager, that she had a complication with her first surgery and that she would need her leave extended for at least an additional three weeks. Tradewell also informed Harper that she would bring in medical documentation to support the need for additional leave.

16. On August 19, 2011, Tradewell brought in a doctor's note to support her request for additional FMLA leave. The doctor's note indicated that Tradewell could return to work on September 12, 2011.

17. Although Tradewell was originally scheduled to have her third surgery on September 2, 2011, to remove the stint, she developed a bladder infection because of the stint and the surgery was postponed.

18. As a result of the event referenced in paragraph 17, Tradewell contacted the restaurant and spoke to Harper and asked to speak with Wilson. When Harper informed Tradewell that Wilson was unavailable, Tradewell informed her that she would not be able to return to work by September 12th because her third surgery was postponed. In response, Harper

4

instructed Tradewell to call back at a later time. After several attempts to speak with Wilson by telephone, Tradewell went to the restaurant on September 8th, but was informed that Wilson was not there.

19. On September 11, 2011, Tradewell went back to the restaurant and asked Wilson for her job back. At that time, Tradewell informed Wilson that she was having her stint removed on September 12, 2011, and would return to work shortly thereafter. In response, Wilson informed Tradewell that the company no longer had a position for her because she was gone for so long. When Tradewell informed Wilson that the law required him to give her back her original position, Wilson offered Tradewell a crew member position. At that point, Wilson went to his office and came back with some pages from the employee handbook. Wilson then informed Tradewell that he was following the employee policy and that he did not have to give Tradewell her job back. In response, Tradewell asked Wilson if he was firing her and he impliedly responded in the affirmative.

20. Throughout the duration of Tradewell's employment, Border Patrol failed to post a notice on its premises explaining the FMLA and/or providing information concerning the procedures for filing complaints of violations of the FMLA.

21. Throughout the duration of Tradewell's employment, Border Patrol did not provide written, general notice to its employees regarding the FMLA.

22. Throughout the duration of Tradewell's employment, Border Patrol did not provide general notice to Tradewell regarding the FMLA.

## CLAIMS FOR RELIEF

*(FMLA Interference and Retaliation in violation of 29 U.S.C. § 2615(a)(1) and (2))*

23. Tradewell re-alleges and incorporates by reference all previous paragraphs, as if fully set forth herein.

5

24. Tradewell is an eligible employee under the FMLA as she worked for Border Patrol for over one year, was employed for at least 1,250 hours of service, and worked for Defendants whom employ more than 50 employees.

25. Tradewell's medical conditions qualified as a serious health condition.

26. Tradewell put Border Patrol on both constructive notice and actual notice of her need for FMLA leave. Tradewell gave constructive notice to Wilson as early as December 2010 of her need for FMLA leave. Tradewell provided actual notice in June 2011 when she contacted Border Patrol's human resources department and requested FMLA leave.

27. In regards to the events referenced in paragraph 24, Border Patrol was legally obligated to provide proper notice to Tradewell of her FMLA rights.

28. Border Patrol failed to provide proper notice to Tradewell in regard to her FMLA rights and failed to provide proper notice of whether her FMLA leave request was approved.

29. Border Patrol also retaliated against Tradewell for taking FMLA leave.

30. The FMLA requires, among other things, covered employers to provide notice explaining the Act's provisions and providing information concerning the procedures for filing complaints of violations of the Act with the Wage and Hour Division, 29 U.S.C. § 825.300(a)(1).

31. The FMLA requires, among other things, covered employers with eligible employees to provide general notice to each employee by including the notice in employee handbooks or other written guidance to employees concerning employee benefits or leave rights, 29 U.S.C. § 825.300(a)(3).

32. The FMLA prohibits, among other things, covered employers from interfering with, retaliating, restraining, or denying the exercise of, the attempt to exercise, or any rights provided by the FMLA, 29 U.S.C. § 2615(a)(1) and (2), and 29 U.S.C. § 825.220(1).

33. By failing to post a notice on its premises explaining the FMLA and providing in information concerning the procedures for filing complaints of violations of the FMLA, Border Patrol interfered with, restrained, and denied the exercise of Tradewell's rights provided by the FMLA, 29 U.S.C. § 2615(a)(1) and 29 U.S. C. § 825.220(1).

34. By failing to provide general notice to Tradewell regarding her rights under the FMLA, Border Patrol interfered with, restrained, and denied the exercise of Tradewell's rights provided by the FMLA, 29 U.S.C. § 2615(a)(1) and 29 U.S. C. § 825.220(1).

35. By denying Tradewell's request to take additional FMLA leave and terminating her employment, Border Patrol interfered with, restrained, and denied the exercise of Tradewell's rights as provided by the FMLA, 29 U.S.C. § 2615(a)(1) and 29 U.S. C. § 825.220(1).

36. By discharging Tradewell because she had requested FMLA leave, Border Patrol retaliated, interfered with, restrained, and denied the exercise of Rodriguez' rights as provided by the FMLA, 29 U.S.C. § 2615(a)(1) and (2), and 29 U.S.C. § 825.220(1).

37. By discharging Tradewell because she complained about the denial of her FMLA leave request, Border Patrol retaliated against Tradewell in violation of 29 U.S.C. § 2615(a)(2).

38. As a result of the aforementioned willful violations of the FMLA, Tradewell is entitled to reinstatement, payment of lost wages and benefits, and an additional, equal amount as liquidated damages, 29 U.S.C. § 2617(a)(1).

39. Pursuant to FMLA, 29 U.S.C. § 2617(a)(3), Tradewell is also entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting a FMLA action.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court grant Tradewell the following relief:

    A.    Issue an Order granting a permanent injunction against Border Patrol and its officers, assigns, and all persons in active concert or participation with them, from engaging in

7

any employment practice which interferes and retaliates against employees for taking leave under the FMLA;

B. Issue an Order directing and requiring Border Patrol to institute and carry out policies, practices, and programs which provide proper observation of the provisions of the FMLA and which eradicate the effects of its past and present unlawful employment practices;

C. Issue an Order directing and requiring Defendants to reinstate Tradewell in her previous position, with seniority, at the same pay grade as Border Patrol was previously receiving;

D. Issue an Order directing and requiring Border Patrol to make whole Tradewell by providing adequate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E. Issue an Order directing and requiring Border Patrol to pay Tradewell liquidated damages pursuant to the FMLA in an amount equal to, and in addition to the amount of back pay amount owed to her;

F. Issue an Order directing and requiring Border Patrol to reimburse Tradewell for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

G. Issue an Order granting such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Dated on this 17th day of April, 2013.

                                                 MCDONALD & KLOTH, LLC
                                                 Attorneys for Plaintiff

By: _____
Christopher M. Kloth
SBN: 1061498
1840 North Farwell Ave.
Suite 205
Milwaukee, WI 53202
Direct: 414-403-2161
Main:  414-395-8774
Fax:    414-395-8773
Email: cmk@themklaw.com